J. H. SNYDER v. A. H. HAMM, AND W. S. CANAN as Receiver.

No. 209.

1. PLEADING—*answer examined, and held to plead payment.* The answer in this case examined, and *held*, that such answer raises the issue of payment. It is evident the defendant intended to plead payment. The court tried the case with the understanding and upon the theory that the answer raised the issue of payment. A fair construction of the statements in the answer justified the court in saying that payment was plead.

2. EVIDENCE—*examined, and held to sustain findings of fact.* The findings of fact examined, and *held*, that such findings are supported by the evidence, and were sufficient to justify the court in rendering judgment for the defendant and against the plaintiff.

Error from Jewell District Court. Hon. Cyrus Heren, Judge. Opinion filed July 20, 1897. *Affirmed.*

This was an action brought by J. H. Synder, as plaintiff, in the District Court of Jewell county, against A. H. Hamm, and W. S. Canan as receiver of Hulbert Brothers, on a promissory note bearing date of May 12, 1891, executed and delivered by A. H. Hamm to Hulbert Brothers, for the sum of $1180, due six months after date, payable to Hulbert Brothers, or order. This note was sold and delivered to the plaintiff in error before maturity, without indorsement by Hulbert Brothers. Hulbert Brothers were bankers at Burr Oak, and about May 15, 1891, they became indebted to J. H. Snyder in the sum of six hundred dollars, and, as security for the payment of this indebtedness, Hulbert Brothers assigned and delivered, without indorsement, the promissory note sued on. The defendant Hamm filed an answer alleging among other things :

"Comes now the defendant, A. H. Hamm, in the above-entitled action, and, for his amended answer to plaintiff's amended petition, denies each and every material allegation therein set out, except what is specifically hereinafter admitted. Defendant admits that he, A. H. Hamm, and Sarah Hamm, his wife, made, executed and delivered to the said Hulbert Brothers, Burr Oak, Kan., their joint promissory note bearing date of May 12, 1891, for the sum of $1180, due in six months after date, said note being secured by chattel mortgage. Defendant alleges that he paid said note of $1180, bearing date of May 12, 1891, due in six months after date, made, executed and delivered by the said A. H. and Sarah Hamm to the said Hulbert Brothers, Burr Oak, Kan., on or about the twelfth day of August, 1891, in full of amount, and that said note was the only note ever

16—6 KAN. APP.

given by the said defendant to the said Hulbert Brothers, Burr Oak, Kan., bearing date of May 12, 1891, for the aforesaid amount.''

The reply was a general denial. The case was tried by the court without a jury, and the court made special findings of fact and conclusions of law, as follows :

'' That on the twelfth day of May, 1891, the defendant, A. H. Hamm, executed the note which is sued upon in this action, dated on the said twelfth day of May, 1891, for the sum of $1180, whereby the said defendant promised to pay, to Hulbert Brothers or order, said amount, at the Bank of Burr Oak, Kansas, with interest at the rate of ten per cent. from maturity ; that said note was due six months after date ; that some time after the execution of said note and before maturity thereof, to wit : about the thirteenth day of May, 1891, it was transferred to the plaintiff herein, J. H. Snyder, by delivery only, there being no indorsement or assignment of any kind upon the back of said note ; that, at the time of said delivery of said note and ever since, the said Hulbert Brothers were indebted to the said J. H. Snyder, and are still indebted to the said J. H. Snyder upon the obligations for which said note was delivered as collateral security ; that on the twelfth day of August, 1891, the said A. H. Hamm and Sarah Hamm executed their promissory note to the said Hulbert Brothers in the 'sum of $1,828.50, and that the mortgage securing the $1180 note was thereafter surrendered to the defendant ; that part of the consideration of this $1,828.50 note was the said $1180 note now in question ; that said defendant, A. H. Hamm, afterwards paid a portion of the said $1,828.50 note and executed a note for the remaining portion thereof, and the said $1,828.50 note was thereupon delivered to the said defendant, A. H. Hamm ; that as a part of the said indebtedness the said A. H. Hamm executed to the Saxton National Bank, of St. Joseph, a note of $600, being the balance of said indebtedness which is still outstanding and

SNYDER v. HAMM. 243

July 20, 1897. Opinion. McElroy, J. C. Div.

unpaid ; that at the time of the execution of the said $1,828.50 note, said A. H. Hamm had no knowledge or information that the said $1180 note had been transferred to any person, but that, shortly before the execution of the $600 note to the Saxton National Bank, one T. B. Carpenter told the said A. H. Hamm that he had a note against him which he had received from one Snyder ; that the receipt by the said Hulbert. Brothers of the $1,828.50 note, including as part of the consideration the $1180 note, and the surrender of the mortgage securing said $1180 note, and the subsequent surrender of the said $1,828.50 note to the said A. H. Hamm, amounted to a payment of the said $1180 note.''

As conclusions of law the court found, ''That the plaintiff ought not to recover in this action, and that the defendant ought to recover his costs.''

*T. S. Kirkpatrick* and *Ira F. Hodson*, for plaintiff in error.

*G. H. Bailey*, for defendants in error.

McELROY, J. The first question presented to this court is as to whether or not the defendant plead payment.

It is apparent from an examination of this answer that the defendant Hamm intended to plead payment, and 1. Answer pleads the court tried the case with the under-payment. standing and upon the theory that this answer raised the issue of payment. While it is somewhat difficult to say just what is meant and intended by the pleader, we think that a fair construction of his statements will justify the court in saying that payment was plead, and that the issue of payment is raised by this answer.

The second assignment of error is, that the court erred in rendering judgment for the defendant upon

2. Findings not disturbed. the findings of fact.   Under the findings of fact, no other judgment could have been rendered by the trial court.   It is contended by the plaintiff in error that the defendant Hamm had notice at the time of the execution of the note for $1,828.50, and prior thereto, that plaintiff in error was the holder of the note sued on.   There is no evidence in the record showing that Hamm had notice of Snyder's interest in the note until long after he executed the note in payment of the note in suit.

Besides, the trial court heard the testimony of the witnesses, and had an opportunity to see the witnesses and observe their conduct, and had a better opportunity to judge of the fairness of the witnesses than has this court.   There is some evidence tending to establish each of the findings.   We will not examine the evidence for the purpose of weighing it.   If there is competent evidence to support each finding of fact, we will not disturb them.   This has been uniformly held by courts of last resort to be sufficient.

From what we have said, it follows that the trial court committed no error in overruling the motion for a new trial.   The judgment of the lower court will be affirmed.